EASTERN ARKANSAS HEDGE FENCE COMPANY *v.* TANNER.

Opinion delivered November 11, 1899.

1.  CONTRACT—PARTIAL PERFORMANCE—RECOVERY.—One who has entered into a contract to build a hedge fence for another, to be paid for in installments conforming to the growth of the hedge, has a right, after making partial performance, to abandon the further performance of the contract where the latter has refused to pay the installments due, and to collect for the work already done at the contract price.    (Page 158.)

2.  MECHANIC'S LIEN—HEDGE FENCE.—One who has built a hedge fence upon another's land is not entitled to a mechanic's lien on the land, under Mansf. Dig., § 4402, giving to every mechanic, builder, artisan, workman, laborer or other person who shall do or perform any work or labor, or furnish any material, machinery or fixtures for any building, erection or other improvement, upon land "a lien upon such building, erection or improvement, and upon the land belonging to such owner or proprietor upon which the same is situated."    (Page 158.)

Appeal from Lonoke Chancery Court.

THOS. B. MARTIN, Chancellor.

*Norton & Prewett*, for appellants; *Jno. J. & E. C. Hornor*, and *Trimble & Robinson*, of counsel.

The failure of appellees to perform their part of the contract authorized appellants to treat it as rescinded.    38 Ark. 174.    The contract was severable.    1 Beach, Mod. Law of

Cont. §§ 731, 733. Appellant was entitled to judgment for the work done. 41 S. W. 763. The language, "other improvements," is broad enough to cover the improvement made by appellants. Sand. & H. Dig., § 4731. The mechanic's lien law should be liberally construed. 30 Ark. 568; 32 Ark. 69; 49 Ark. 478. The appellees, being the defaulting parties, appellants are entitled to their lien, the same as if the work were completed. 15 Am. & Eng. Enc. Law, 78; 120 Mass. 58. Equity has jurisdiction to enforce this lien. 30 Ark. 568; 56 Ark. 544.

BUNN, C. J. This is a suit, originally at law, on two promissory notes; answer setting up failure of consideration; amended complaint claiming mechanic's lien, and cause transferred to equity; and, upon the pleadings and exhibits and depositions of witnesses, the cause was tried, and the chancellor dismissed the amended complaint for want of equity.

The plaintiff had contracted to plant and set a hedge fence of bois d'arc for Tanner Bros., and they (Tanner Bros.) were to perform certain duties by way of trimming, pruning and cultivating the hedge while the same was growing to completion. The contract was one to be performed in installments or periods conforming to the growth of the plants and the seasons, and the payments by the defendants were to be made by installments, or periodically, as the work progressed. When payments were due for any of the work done, if not made in cash, notes were given. Such were the notes sued on, given in January, 1892, and one due in March and the other in November next following.

The defendants, having made one or two of the early payments, gave the two notes for the next, and when these became due and had remained unpaid for some time, the plaintiff declined to work further on the contract, because defendants had failed to make the payment, according to the terms of the contract and in July, 1895, about two and a half years after the last of the two notes became due, brought this suit for the work they had done under the contract.

The contract was evidently a divisible one, in the sense that it contemplated periodical part performance on the part of

the plaintiff, and corresponding payments by installments on the part of the defendant, as well as a continuous cultivation, dressing and care of the hedge by them, as the owners, until the hedge should be considered completed or "grown," in the common acceptation of the term.

A majority of us are of the opinion that the giving of the notes in issue, and other evidence, show that up to the time the last one was due, and for some time after, there was no complaint of the defectiveness of plaintiff's work, but that the sole trouble then was that defendants were unable to raise the money to pay off the notes; and that the conduct of defendants during this period was such as to induce the plaintiffs to believe that their work was satisfactory, and no objection would be made to it, and that no new developments were afterwards made to show that defendants had been misled in the acts of approval of plaintiff's work. We think, therefore, that defendants failed to show a partial failure of consideration of the two notes sued on, and in so far the judgment should be reversed. The plaintiff had a right to abandon the further performance of its contract after the defendants had utterly failed and refused to comply with their part, and to collect for work it had done, at the contract price, which is the object of this suit. 1 Beach, Modern Contracts, §§ 731, 733; *Berry* v. *Diamond*, 19 Ark. 264; *Weigel* v. *Boone*, 64 *ib*. 228.

We think the claim of mechanic's lien is not well founded. While the statute in force at the time of performing this work (Mansf. Dig., § 4402) recites that "every mechanic, builder, artisan, workman, laborer or other person who shall do or perform any work or labor upon or furnish any material, machinery or fixtures for any building, erection or other improvement upon land, including contractors, sub-contractors, material furnishers, mechanics and laborers, under or by virtue of any contract, express or implied, with the owner or proprietor thereof, or his agent, trustee, contractor or sub-contractor, upon complying with the provisions of this act, shall have    *    *    *    *    a lien upon such building, erection or improvement and upon the land belonging to such owner or proprietor upon which the same is situated," yet, since only an acre can be the subject of the lien

given, we do not think the act contemplated a lien on a piece of land of the mere linear dimensions, to secure the payment for such improvement, for such a construction of the act would work incalculable damage to the owner under certain circumstances. Besides, the expression "other improvements," according to a familliar rule of construction, can only refer to improvements of a character similar to those immediately before mentioned.

The decree as to the debt is reversed, and judgment is rendered for the plaintiff against defendants, Tanner Bros., on the two notes; and in other respects the decree is affirmed.