## J. A. McCRARY v. THE STATE.

### No. 3404.    Decided May 22, 1907.

**1.—Embezzlement—Partnership—Agency—Sharing Profits and Expenses.**

Where upon trial for embezzlement of an organ or the proceeds thereof, the evidence showed that the prosecutor was to furnish defendant with a team, etc., and defendant was to sell the goods, which the prosecutor obtained from an organ company, at what they cost; and defendant was to sell the organ and he and the prosecutor, who was the alleged owner, were to divide the profits, the parties paying the freight and interest on deferred payments equally, and defendant paying expenses for a team, etc. Held, that prosecutor and defendant were co-partners and that the latter was not guilty of embezzlement.

**2.—Same—Purchaser—Trust Funds.**

Where upon trial for the embezzlement of an organ or its proceeds, the defendant took the instrument at cost and carriage price and appropriated the same, he could not be charged with embezzlement, because in that case he would be a purchaser; neither could he be guilty of embezzling a trust fund.

**3.—Same—Misdemeanor—Value of Property.**

See opinion for statement that under certain contingencies defendant could only be guilty of a misdemeanor if guilty of any offense.

Appeal from the District Court of Red River.    Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The indictment charged the defendant as the agent of prosecutor G. A. Maxfield with embezzling an organ the property of the said Maxfield, and also in another count for embezzling the proceeds of the sale of said organ.

The opinion states the case.

*Chambers & Chambers,* for appellant.—The organ belonged to Farrand Organ Co. and not to Maxfield, and Maxfield and appellant were full partners in the profits arising from the sale. Ray v. State, 86 S. W. Rep., 761; Manuel v. State, 71 S. W. Rep., 973; Reed v. State, 16 Texas, 586; Livingston v. State, 16 Texas Crim. App., 656; Dancy v. State, 53 S. W. Rep., 886.

*F. J. McCord,* Assistant Attorney-General, for the State.—Buzard v. First Nat. Bank, 67 Texas, 83; Brown v. Watson, 72 Texas, 221; Murray System Co. v. Exchange Bank, 61 S. W. Rep., 509; Connerly v. Lyons, 82 Texas, 669; Houston & T. C. Ry. Co. v. McFadden, 91 Texas, 203; Friedlander v. Hillcoat, 14 S. W. Rep., 788; Kelley Transport Co. v. Masterson, 93 S. W. Rep., 427; Ray v. State, 86 S. W. Rep., 761.

DAVIDSON, PRESIDING JUDGE.—There are two counts in the indict-
ment charging appellant with embezzlement, the first of an organ, and
the second of the proceeds from sale of the organ.    The facts show
that Maxfield entered into some sort of a contract with the Farrand
Organ Company, and obtained the organs for sale, and inaugurated
him a music establishment, and later on employed appellant to assist
him in the sale of these organs, carrying them about the country and
retailing them wherever purchasers might be found.    Appellant sold
one to Clark Elmore, receiving in payment a watch and cow and $22.50
in money.    Appellant asked Elmore $65 for the organ, which was a
second-hand instrument.    Elmore, without discussing further the mat-
ter with him, told him that he would give him a cow and watch and
$22.50 in money.    The watch seemed to have been in use for quite a
number of years, and was worth about $5, although it went in on the
trade at $10, and the cow passed in at the value of $20.    Appellant sold
the cow for $5.50 to one of the witnesses in the case, who testified she
was in poor condition, and that after he fattened her sold her for $8.
Appellant was charged with embezzling the organ.    It was not denied
that he had used the $5.50 for which he sold the cow, and the $22.50
in money collected.    It is further shown that he had authority to sell
and make such trades as he saw proper.    The watch was still on hand.
The contract, as stated by the State's witness Maxfield, is as follows:
"Q.    What was the agreement between you two by which he became
your agent and sold musical instruments over this county?    A.    I was
to furnish him a team and hack and feed the team in town and he was
to sell the goods and take the goods at what they cost and we were to
divide the profits; he was to pay half the freight and I was to pay
half, and all the profits made we were to divide the profits equally and
he was to pay his expenses for his team and himself while he was on
the road."    Some parts of the book kept by Maxfield showing the ac-
count of appellant was placed in evidence, which showed that he paid
from $2.25 to $4 freight on the instruments.    It is also shown by the
State's witness Maxfield, in obedience to stipulations of this contract,
that appellant was to pay his part of the interest due Farrand Organ
Company on the instruments where there were deferred payments, and
some of the testimony shows that he did pay some of the interest which
went to the Organ Co.    This is a sufficient statement of the case in
our judgment to show that they were partners.    See McCrary v. State,
this day decided, for collation of authorities.    If, however, appellant
took the instruments at cost and carriage price, which would amount to
less than $47, and appreciated the instrument, he could not be charged
with embezzlement, because he would be the purchaser from Maxfield
under that state of case, and Maxfield states that he was to take the
goods at what they cost and they were to divide the profits on it.    If
he meant by that that the contract was that appellant was to take the
goods at cost as a sale to him or become responsible for the instrument
at the cost, which was $41 and some cents, the freight being $4.50, then

he would not be embezzling trust funds.　Under either event appellant would not be, in our opinion, guilty of embezzlement.　See McCrary v. State, this day decided.　It is unnecessary in this case to go further into the questions involved.　86 S. W. Rep., 761; 71 S. W. Rep., 973; 53 S. W. Rep., 886; 16 Texas Crim. App., 586; 16 Texas Crim. App., 658; 93 S. W. Rep., 427.

Again, under the terms agreed on, appellant took the organ at cost or in this case at $41.45 for the instrument and.$4.50 freight, which is a misdemeanor.　Judgment reversed and cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.