### J. A. McCRARY v. THE STATE.

#### No. 3405.    Decided May 22, 1907.

**1.—Embezzlement—Partnership—Agency—Profits—Wages.**

Where upon trial for embezzlement, defendant was charged in one count with embezzlement of an organ, the property of prosecutor, and in another with a conversion of the proceeds for the sale of said organ, both of which counts were submitted to the jury, and the evidence showed that the prosecutor and defendant had an agreement between them that when an organ was placed in the hands of defendant he was to account to the prosecutor for the purchase price of the organ, plus the freight, and that when this was paid then defendant and the prosecutor were to share equally in the profits; that prosecutor was to furnish defendant with a team and vehicle and to pay his board while in town, and that prosecutor was responsible to the organ company for the purchase price and freight of said organ, and that the organ was to remain the property of the organ company until sold; and that defendant sold an organ and appropriated the proceeds. Held, that prosecutor and defendant were co-partners, and that defendant could not be guilty of embezzling partnership property.

**2.—Same—Conversion—Principal and Agent.**

Where in a prosecution for embezzlement of an organ, the evidence showed an agreement between prosecutor and defendant to sell organs upon certain terms and conditions, and there was no pretense on the part of the defendant that the organ in question was his property and the sale was made under said agreement as prosecutor's property, there was no conversion of the organ.

**3.—Same—Value—Ownership.**

See opinion for discussion of a prosecution alleging ownership in the organ company with reference to value of organ.

Appeal from the District Court of Red River.    Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of embezzlement; penalty, two years in the penitentiary.

The opinion states the case.

*Chambers & Chambers,* for appellant.—On question of partnership: Ray v. State, 86 S. W. Rep., 761; Manuel v. State, 71 S. W. Rep., 973; Reed v. State, 16 Texas Crim. App., 586; Livingston v. State, id., 656; Dancy v. State, 53 S. W. Rep., 886; Dilley v. Albright, 48 S. W. Rep., 548; Stephens v. Gainesville Nat. Bank, 62 Texas, 503; Rahl v. Parlin & O. Company, 64 S. W. Rep., 1007; Cothran v. Marmaduke et al., 60 Texas, 340; Fouke v. Brengle, 51 S. W. Rep., 519; Brinkley v. Harkins, 48 Texas, 226; Goode v. McCartney, 10 Texas, 195; Story on Partnership, section 58.

One who receives part of the profit of a business for his services is a partner; but if he is to receive a sum of money equal to a part of the profits, he is not.

*F. J. McCord,* Assistant Attorney-General, for the State.—The State does not think that the facts set up here constitute appellant and Max-field partners. One party advancing money to another for the purchase of cattle under an agreement to share profits, if any, does not make them partners. Buzard v. The First National Bank, 67 Texas, 83; Brown v. Watson, 72 Texas, 221; Murray System Company v. Exchange Bank, 61 S. W. Rep., 509; Connerly v. Lyons, 82 Texas, 669; Houston & T. C. Railway Company v. McFadden, 91 Texas, 203; Friedlander v. Hillcoat, 14 S. W. Rep., 788.

HENDERSON, JUDGE.—Appellant was convicted of embezzlement, and his punishment assessed at two years confinement in the penitentiary; and prosecutes this appeal.

Briefly stated the facts show the prosecutor G. A. Maxfield was, during the years 1905–6, a music dealer in the town of Clarksville, Red River County, under the firm name and style of Maxfield Music Company. Prosecutor rented a house there for the conduct of his business, and, among others, dealt with the Farrand Organ Company; he received organs from said firm and sold same on commission, being responsible to the firm for the price of each organ, which was put to him at a certain amount with the freight added. Said organs were to remain the property of Farrand Organ Company until sold. The price of the organ in question for which Maxfield was responsible was $45 plus the freight, which was on each organ $4.50. Maxfield, in the course of his business, employed appellant, the terms being that Maxfield was to furnish appellant with a team and vehicle, and to pay his board while in town, which was estimated at $6 a month, and was to take care of the team; that on trips appellant was to pay his own expenses. Appellant was to sell organs, taking notes, etc., therefor, and he and Maxfield were to share equally in the profits, which was all the money received by appellant over and above the price fixed for organs by Farrand Organ Company, and the freight added. Appellant sold the organ in question sometime in the summer of 1906 to one N. B. Humphreys, who lived in the County of Red River. The style and number of said organ was E3A 96877. The consideration of the sale was a cow and wagon received by appellant at the time of sale, and a note for $30 executed by Humphreys to Maxfield Company on July 19, 1906, due November 1, 1906. The testimony of the State tends to show that this sale was concealed at the time and for sometime afterwards by appellant, and when he was pressed to know what he had done with the instrument he reported that he had sold it to one Williams. Appellant's testimony tends to show that he made no concealment of the sale, but got the sale of the particular organ mixed with one he sold to Williams, which accounted for his failure to report this particular sale; and he further claimed that Maxfield owing him, was the reason he did not report and account for the money which was received on the note sometime in November. The proof on the

part of the State showed that this was not correct, but that in addition to the organ appellant sold Humphreys, he also owed Maxfield over $100. It was in proof that the wagon was worth $25 and the cow $15, the two items appellant received as a part of the consideration for the organ.

There were two counts in the indictment; the first count charged appellant with embezzlement of an organ of the value of $110, the property of G. A. Maxfield, which he had received as the agent of said Maxfield. The second count in the indictment charged appellant with a conversion of $110, the proceeds of the organ alleged to have been received by him as the property of G. A. Maxfield. Both counts were submitted to the jury, and they found appellant guilty under the first count.

Appellant insists that the organ in question, including the profits, was partnership property between himself and Maxfield, and as such was not the subject of embezzlement. The facts on this point show, as heretofore stated, that the Farrand Organ Company shipped the organ in question, with a number of others, to Maxfield at Clarksville, and that this particular organ was sold to Humphreys for the consideration as above stated, by this appellant. It will be observed that this is not a charge of embezzlement of an organ, as the property of Farrand Organ Company, but an organ as the property of G. A. Maxfield, and the question is, were appellant and Maxfield partners in the organ, as well as in the profits, or was the organ entrusted to appellant as Maxfield's organ, and was appellant only interested in the commissions over and above the cost of the organ, and were these commissions received by him as wages. We understand the books to make some nice distinctions on this question, but we believe a review of the testimony showing the relationship between appellant and Maxfield in the sale of organs constituted them co-partners. There is a good deal of testimony in the record showing their course of business, which was in effect when an organ was placed in the hands of appellant he was to account to Maxfield for $45, plus the freight, which was on each organ $4.50, and when this was paid off, then appellant and Maxfield were to share equally in the profits. Nothing is said in the contract as to appellant's receiving a share of the profits or commissions on the sale as wages, but simply the parties were to share equally in the profits, and it seems that some organs of the same character sold for one price and some for another, $110 being the maximum price for such organs; sometimes property was taken in part pay, and sometimes payment was made in cash and notes. We understand the relationship between these parties is much like where two parties made a contract by which one furnishes the stock in trade, as of merchandise, and the other party takes charge of the business and makes sales, and they mutually share the profits, which is the balance after the stock is paid for. In such case we understand the rule to be that such parties are co-partners. See Kelley Island & Transportation Co. vs. Masterson, 93 S. W. Rep., 428;

Dancy v. State, 41 Texas Crim. Rep., 293; Reed v. State, 16 Texas Crim. App., 586; Ray v. State, 86 S. W. Rep., 761, and Manuel v. State, 71 S. W. Rep., 973. It is held in some of the above authorities that a person who is a co-partner of another cannot be guilty of embezzling partnership property. According to our view, the property here involved, both the organ and the profits, if any arising from a sale thereof, was the property of the co-partners as between said Maxfield and appellant, consequently he could not be guilty of embezzlement thereof as the property of Maxfield.

It is further insisted that appellant had authority to sell either for cash or notes, or in trade, the organ in question, and he, therefore, in the sale of same could not be guilty of embezzling the organ, although he might, under certain circumstances, be guilty of embezzling the proceeds of the sale. However, the State contends that appellant at the time he made sale of the organ intended to appropriate the proceeds thereof, and under such circumstances would be guilty of embezzlement, and to support this contention we are referred to the case of Epperson v. State, 22 Texas Crim. App., 694. The facts of that case are in some respects different from this case. In said case · appellant was entrusted with an organ as the property of his principal, and instead of making sale of same, on account of his principal, made sale thereof as his own property, consequently there was a conversion of the organ itself before the sale. Here the sale of the organ was made according to the written mortgage as the property of Maxfield, and there was no pretense of same as appellant's property. The sale having been made under authority as Maxfield's property, there was no conversion. If the organ had not been partnership property, as heretofore shown, and appellant in such sale simply acted as the agent of Maxfield in making the sale, and he did this under authority, then· there was no conversion of the organ. If the sale had been made of the organ as the property of Maxfield and under authority from Maxfield, and there was a subsequent conversion of the proceeds, appellant might have been convicted of embezzling the proceeds of such sale as the property of his principal.

It is not necessary to discuss the assignments with reference to value of the organ, and whether appellant was guilty of a felony or a misdemeanor, as the view we have taken of the case renders this unnecessary. However, if appellant had been indicted for embezzling said organ as the property of Farrand Organ Company, it would seem that he could not be convicted for any value of said organ greater than that which had been agreed upon as between Maxfield and said Farrand Organ Company as the purchase price thereof, to wit: $45, with the freight added.

For the errors discussed the judgment is reversed and the cause remanded.

*·Reversed and remanded.*

Brooks, Judge, absent.