Gean Butler v. The State.

No. 3733.   Decided June 13, 1908.

**1.—Embezzlement—Partnership, What is—Agency.**

In a prosecution for embezzlement where the evidence showed that the prosecutor furnished defendant with a wagon and team, etc., and agreed to give him one half the amount that he could make for doing certain hauling, and that· he misapplied a certain sum of money which he received in the course of this business arrangement. Held, that the defendant was an agent and not a partner of the prosecutor, and subject to prosecution for embezzlement. Davidson, Presiding Judge, dissenting. Distinguishing McCrary v. State, 51 Texas Crim. Rep., 496 and 502.

**2.—Same—Charge of Court.**

Upon trial for embezzlement where the evidence showed that the prosecutor furnished defendant with a wagon and team, etc., and agreed to give him as a salary one half the amount that he could make by doing certain hauling, and the court submitted defendant's special charge defining a partnership to be the combination by two or more persons of their capital, or labor, or skill, for the purpose of business for their common benefit, and that if the jury believed that prosecutor and defendant were partners, to acquit the defendant, the defendant could not complain, and there was no error.

Appeal from the County Court of Travis.   Tried below before the Hon. Jno. W. Hornsby.

Appeal from a conviction of embezzlement; penalty a fine of $5 and one days confinement in the county jail.

The opinion states the case.

*James H. Hart,* for appellant.   Cited authorities in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of embezzlement and his punishment assessed at a fine of $5 and one day in the county jail. There is but one question in the record that we deem necessary to re-

view, and that is the sufficiency of the evidence to support the verdict. The information charges that appellant, while an employee of J. D. Dillingham, did embezzle, misapply and convert to his own use $4.50 of the value of $4.50, which money had come into his possession by virtue of said employment by the said J. D. Dillingham, etc. The facts in the case, in substance show the following: That he, Dillingham, testified that he lived in Austin, Travis County, Texas, in August, 1906, "at which time the defendant, Gean Butler, that negro boy there, was hauling gravel and dirt with a team of mine in said county. Defendant had worked for me about four or five weeks at the time he is charged with having taken this money from me. He had worked for me previously but it had been some time before he began hauling with the team. The arrangement between Butler and myself with reference to this hauling was this: I agreed to furnish the team, wagon and harness, feed the team, keep the mules shod, feed defendant and give him a place to sleep, and he was to take the team and do such hauling as he could get, and we were to divide the money made by him in hauling, half and half." Then the witness testifies that appellant received, in the course of his employment, $4.50 which he appropriated to his own use and benefit without the knowledge and consent of the said Dillingham. He further testified he had no intention of creating a partnership between himself and appellant. Appellant testified to the agreement, as above stated, but denies that he appropriated the money without the consent of the prosecuting witness, Dillingham. On cross-examination appellant stated that he did not regard his agreement with the prosecuting witness as a partnership. "I did not furnish anything but my labor and I guess my part was wages. Nothing was said about wages, or partnership. Nothing more was said than what Mr. Dillingham and I have told you with reference to our arrangement and the division of this money."

Appellant insists, under the above statement of the facts, that he is not guilty on the ground that the facts above stated constitute a partnership and not an agency. He cites us the cases of Napoleon v. State, 3 Texas Crim. App., 522; Ray v. State, 48 Texas Crim. Rep., 122; 86 S. W. Rep., 761; McCrary v. State, 51 Texas Crim. Rep., 496; 103 S. W. Rep., 924, and McCrary v. State, 51 Texas Crim. Rep., 502; 103 S. W. Rep., 926. There are some expressions in the two cases last above named which would tend strongly to support appellant's contention. These cases, however, must be understood to apply to the particular facts there under consideration. It is frequently somewhat difficult to determine, as a matter of law, what in every case is a partnership and what is an agency, and at last, every case must, to some extent, depend upon its particular facts. The clearest definition of what constitutes a partnership is to be found, we think, in the opinion of our Supreme Court in the case of Buzard v. Bank of Greenville, 67 Texas, 83. This opinion commends itself to us as being so strongly reasoned and well supported by authority, that it should have special weight with this

court.  There it was held that where one furnishes money to another, under agreement, that he who received it as agent for the owner to use in a designated business, and who received a part of the net profits as compensation for his services, is not a partner with the person who advances such money.  The facts in that case, in substance, show that one Buzard who lived in St. Louis made an agreement with one Pennington, whereby Buzard agreed to furnish money to buy cattle, Pennington to do the buying and any profits arising from the sale of the cattle to be divided equally between Buzard and Pennington, Pennington taking his one-half of the profits as his compensation for his skill and service.  The court under this state of facts, held that Pennington was an agent of Buzard, since he had no interest in the cattle and that his part of the profits were in the nature of a contingent salary.  In this case, Dillingham furnished the wagon and team and agreed to give the appellant, as his salary, one half the amount that he could make by hauling in the town of Austin.  These facts do not constitute, as a matter of law, the appellant a partner with the man who owned the wagon and team, but under the authority of the Buzard case, would make his position that of agent merely.  While the Buzard case has been often cited and while the principle there stated has been applied to different cases, it has not been overruled, but on the contrary has been many times followed.  The principle of that case is probably not wholly in accord with the case of McCrary v. State, 51 Texas Crim. Rep., 496; 103 S. W. Rep., 924, and McCrary v. State, 51 Texas Crim. Rep., 502; 103 S. W. Rep., 926. It would indeed be difficult, we believe, to reconcile these cases.  It is manifest, however, that in view of the charge of the court in this case, that appellant is without any just or fair ground of complaint.  In this case the court instructed the jury, at the request of counsel for appellant, as follows:  "A partnership is the combination by two or more persons of their capital, or labor, or skill, for the purpose of business for their common benefit.

"If you believe from the evidence in this case that as to the use of the team and the hauling of the gravel the defendant and Dillingham were partners, then that the defendant could not be guilty of embezzlement, and you will acquit the defendant."  This charge was requested by counsel for appellant and was quite as favorable a submission of the issue as he was entitled to receive.  The testimony of appellant was to the effect that he did not regard the arrangement between himself and Dillingham as a partnership.  Dillingham also testified to the same effect.  Under this testimony and in the light of the charge of the court, we think that appellant is absolutely without any ground or cause of complaint.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge (dissenting).—I cannot concur with my brethren in affirming the judgment in this case, and feeling the

importance of the decision and question involved fully justifying my non-concurrence I respectfully dissent. As I understand the decisions of the Supreme Court as well as of this court, the decision in this case is a practical overturning of the well settled law. Buzard v. Bank of Greenville, 67 Texas, 83, is cited and relied on to sustain this affirmance. I do not believe it is in point especially as distinguished by the Supreme Court in Kelley Island & Line Transport Co. v. Masterson, 93 S. W. Rep., 427, and by this court in the McCrary cases, 51 Texas Crim. Rep., 496 and 502; 103 S. W. Rep., 924 and 926. The Buzard case, supra, is not in point and the other cases are. Under the law as settled law in this State this cause should have been remanded for another trial. Mr. James H. Hart, counsel for appellant has filed an able and well considered brief in the case which forcefully reviews the cases and clearly presents the issue involved. I shall content myself with adopting his brief as grounds for my nonconcurrence, which is as follows:

"This case is distinguishable from the principles involved and enunciated in the Buzard case, just as the facts of the case of Kelley Island Line & Transport Company v. Masterson (93 S. W. Rep., 427) is distinguishable from, and as Justice Brown did distinguish between it and the Buzard case.

"In the Buzard case, Pennington was held to be the agent of Buzard. Buzard had employed Pennington and furnished him with money with which to buy cattle, and for his services, Pennington was to receive a part of the profits of the business.

"In the Masterson case (93 S. W. Rep., 430) Masterson put his money in a certain contract for paving, against the skill and services of Downey and Kelley, original contractors, who had contracted with the City of Beaumont to perform certain paving work. Downey and Kelley were under no obligation to repay Masterson the money advanced by him. Masterson took the chances of success for the return of the money and interest. Downey and Kelley were to receive each $100 per month as advances to be deducted from their share of the profits. Masterson was not to receive his share of the profits as compensation for the use of his money, nor were Downey and Kelley to receive their share as payment for services; but each received the profits as fruits of the joint enterprise —and this state of facts was, held by the Supreme Court to constitute Masterson a partner with the others; and this, although Masterson did not so regard himself.

"Casting aside the loose expression of an ignorant negro subjected to a rigid cross-examination presenting leading questions, that he 'guessed' he was not a partner of Dillingham's, and that he 'guessed' the money he received from the contract entered into between himself and Dillingham was wages, there is nothing in this case to distinguish it from the Masterson case. Of course, the negro did not know what a partnership was, and had he known it, he would have been loath in a court of justice to claim partnership with a white man; nor did it occur to Dillingham that his contract with the negro constituted them part-

ners. Dillingham would doubtless have scorned such a relationship. But their expressions as adduced on the trial, are of little, if any, value in deciding this question. What they did agree to and what they subsequently did, while the contract was being carried out, are the only matters of any real value in determining the relationship created.

"Compare the two cases. Masterson put up his capital. So did Dillingham. Kelley contributed his services. So did Butler. Kelley did not obligate himself to repay Masterson the money Masterson put in the enterprise. Neither was their express or implied obligation on the part of Butler to indemnify Dillingham in case of injury to the wagon and mules. Masterson took the chances of success of the enterprise to recover his investment. Dillingham took the same chances to make money out of his capital—his wagon and mules. Butler took the same chances to receive money for his labor. Masterson was not to receive his share of the profits as compensation for the use of his money. Nor, under their agreement, was Dillingham to receive one-half of what Butler made with the team as compensation for the use of the team, but Dillingham and Butler were to divide the fruits of their enterprise. If Butler made no money with the team, Dillingham lost the use of the team, and Butler lost his time.

"Masterson did not think that he was making the laborers, Downey and Kelley, his partners. He did not intend to so do. Yet the Supreme Court says that he did create that relationship. Butler and Dillingham did not think that they were creating a partnership, but their thoughts and their intentions have no real weight, in the face of the real undisputed agreement, and their acts in consummating that agreement.

"Or take the case of Dancy, 41 Texas Crim. Rep., 293; 53 S. W. Rep., 886. The record in that case discloses that the prosecuting witness furnished Dancy with $300 with which to buy cattle; and the two were to divide the *profits* arising from the investment. This was all the evidence on the subject—that they were to divide the profits. There was no testimony that they regarded themselves as, or called themselves partners, yet this court says they were partners, under the facts above recited, and that Dancy could not be guilty of embezzlement of this money.

"Or take the Manuel case, 44 Texas Crim. Rep., 433; 71 S. W. Rep., 973. There, the prosecuting witness, Roach, gave the defendant, Manuel, $600 with which to buy a saloon, the arrangement between the two being that *after the $600 was repaid Roach, he and Manuel were thenceforth to divide the profits coming from* the business. This was held to have created the partnership relation.

"And the same applies to the Ray case, 48 Texas Crim. Rep., 122; 86 S. W. Rep., 761.

"Out-of-State cases involving closely similar states of fact might be cited in great number, but when the cases of our own State involving the same question, and based on states of fact so nearly identical are at

hand, and the decisions are so homogeneous on the question involved it would seem futile to burden the court further. No two states of fact involving different transactions could be more nearly identical than the facts of this and the McCrary case. Without dissenting opinion, and in an opinion more exhaustive than usual, this court held the facts of the McCrary case to constitute the parties partners. There was no testimony in that case that the parties did or did not regard themselves as partners. Their intention except as stated in their contract, is not made known. Had there been any such testimony, however, in the light of the opinions of the courts in the other cases above cited, it would have had no weight in determining the relation."