J. C. BROWN *v.* THE STATE.

(*Jackson,* April Term, 1931.)

Opinion filed June 11, 1931.

RALPH DAVIS, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was found guilty of a fraudulent breach of trust and has brought his case to this court.

The evidence does not sustain a conviction on the charge upon which the defendant below went to trial.

Plaintiff in error undertook to conduct an automobile sales business in Jackson, handling the Hudson and Essex cars. He had small capital. He procured cars from the Parker-Hudson-Essex Company in Memphis, making an arrangement with a concern called the C. I. T. Corporation by which the latter company was to advance the money to the Parker-Hudson-Essex Company in payment for the cars. Plaintiff in error entered into a contract with the C. I. T. Corporation, by the provisions of which contract the latter company retained title to the cars, and whereby plaintiff in error undertook to keep separate the proceeds of cars so obtained and sold and turn such proceeds over to the C. I. T. Corporation. As further security the C. I. T. Corporation required the Parker-Hudson-Essex Company to indorse or guarantee the aforesaid trust agreement which plaintiff in error had entered into with the former company.

Proof introduced by the State tends to show that the plaintiff in error sold two cars obtained under this trust agreement, taking in payment for the cars sold used cars, cash and notes. He appropriated the cash and likewise appropriated the proceeds of the notes which he discounted.

The indictment herein contains several counts. The first count charged defendant below with the fraudulent appropriation of two Essex automobiles of the value of $1,000. The second count charged him with embezzlement of $1150 lawful money of the United States. The third count charged him with the fraudulent appropriation of said sum of money. The fourth count charged him with the larceny of the two automobiles from the C. I. T. Corporation. The fifth count charged him with the larceny

of $1150 from the Parker-Hudson-Essex Company. The sixth count charged him with the larceny of $1150 from the C. I. T. Corporation. The seventh count charged him with the larceny of the two cars from the Parker-Hudson-Essex Company. It should be noted that the proof showed the Parker-Hudson-Essex Company had made good to the C. I. T. Corporation the amount received for the two cars sold by the plaintiff in error and appropriated by him.

Upon the trial of the cause, the State announced that it abandoned all counts of the declaration except the first, charging the fraudulent appropriation of two automobiles, the property of the C. I. T. Corporation. The trial judge thereupon directed a verdict in favor of the defendant below upon all counts of the indictment except the first and submitted the question of defendant's guilt under that count to the jury, with the result heretofore stated.

Upon the face of the trust agreement entered into between the plaintiff in error and the C. I. T. Corporation he was authorized to sell the cars obtained by virtue of said agreement. It was contemplated that he would do business under the name of Brown-Hudson-Essex Company and handle the cars under that name. The sale of the cars, therefore, by plaintiff in error was no breach of trust. It was not an act inconsistent with the nature and purposes of the trust as set out in the written agreement. On the contrary the cars were turned over to the plaintiff in error for the purpose of sale by him.

The State's proof goes to show a breach of trust as to the proceeds of the sale of said cars—a fraudulent appropriation of the proceeds. Plaintiff in error having been clothed with authority to sell the cars put in his possession, was not guilty of a fraudulent appropriation of

this property by a sale thereof. If there was a fraudulent appropriation, it was of the proceeds of the sale. Plaintiff in error cannot be adjudged guilty of a fraudulent appropriation of the proceeds of the property upon an indictment charging him with a fraudulent appropriation of the property itself. This question has been elsewhere considered and the conclusion reached is well sustained by authorities. 20 C. J., 431, and cases cited; *McCrary* v. *State,* 51 Tex. Cr., 502, 103 S. W., 924, 123 Am. St. Rep., 905.