## JACOBS v. SILVERMAN.—93 S. W. (2d), 648.

Middle Section.   January 18, 1936.

Petition for Certiorari denied by Supreme Court, May 2, 1936.

Elkin Garfinkle and Paul Holbrook, both of Nashville, for plaintiff in error Jacobs.

W. S. Noble, of Nashville, for defendant in error Silverman.

CROWNOVER, J.   This is a petition for a writ of error coram nobis in the circuit court of Davidson county.

This action originated, on August 31, 1933, in a justice of the peace court, where Mrs. Rosa Silverman sued L. Jacobs to recover $100, balance of principal, and $36 interest, on a note for $700 dated April 5, 1923, and due in ninety days, the last credit on which was dated September, 1927.   Jacobs filed a written plea of the statute of limitations.   The justice rendered judgment for defendant Jacobs and dismissed the plaintiff's action, on September 28, 1933.

On the same date Mrs. Silverman appealed to the circuit court, where the case was tried on October 10, 1933, by the judge without a jury.   Jacobs did not appear and make defense.   Judgment was

rendered in favor of Mrs. Silverman and against Jacobs for $136.

On February 3, 1934, within twelve months, Jacobs filed in the circuit court a petition for writ of error coram nobis averring that he had no notice of said appeal and of said trial in the circuit court; that at the time of the trial in the justice's court Mrs. Silverman's attorney stated that she had no case and did not have a chance to win, and that there would be no appeal taken; that his attorney went to the justice's court on September 30, 1933, and inquired if an appeal had been taken and was informed that it had not; that in the meantime Mrs. Silverman had employed another attorney and had appealed the case; that petitioner had no notice of the trial in the circuit court and was not present; that the cause of action was barred by the statute of limitations of six years, and such defense would have prevented a judgment being rendered. The petition prayed that the execution of said judgment be superseded and for a writ of error coram nobis, returnable to the circuit court of Davidson county; and that upon the return of said writ the judgment be reversed for errors of fact.

The circuit judge directed the filing of the petition and issuance of the writ upon the filing of proper bond, but no bond is found in the record.

Petitioner duly filed assignments of errors of fact as follows:

1. Petitioner had no notice of the proceedings in which the judgment complained of was rendered.

2. The proceedings complained of were not set on the regular trial docket until after the trial court opened its term.

3. Petitioner and his attorney made diligent inquiry as to whether or not the judgment had been appealed.

4. Defendant changed lawyers after being advised by the first that she had no case and employed another lawyer without notifying the petitioner or the lawyer who was originally employed.

5. Petitioner will show that the debt is more than ten years old and an alteration of the date has been made.

6. Petitioner will further show that the judgment was entered against him by accident and mistake, and the defendant took advantage of the absence of petitioner.

Mrs. Silverman filed a motion to dismiss the petition and to strike the assignments of errors, which motion was overruled. Thereupon she filed demurrer to the assignments of errors, which is as follows:

"The defendant demurs to assignment No. 1 and says:

"The record of the proceedings in which the judgment complained of was rendered, shows on its face that petitioner had notice of said proceedings.

"Defendant demurs to assignment of error No. 3 and says:

"The record of the proceedings in which the judgment complained of was rendered shows on its face that petitioner was negligent in the prosecution of his defense in said proceedings.

"Defendant demurs to assignments of errors Nos. 2 and 4 and says:

"Said assignments show the facts assigned as error are immaterial, and whether true or false could not in any way affect petitioner's rights in this cause, and should be stricken out.

"Defendant demurs to assignment of error No. 5 and says:

"The record of the proceedings in which the judgment complained of was rendered shows on its face that the cause of action occurred within six years before suit was brought, and that there was therefore no error in the proceedings in which the judgment complained of was rendered, prejudicial to the rights of petitioner.

"Defendant demurs to assignment of error No. 6, and says: The record of the proceedings in the cause in which the judgment complained of was rendered shows on its face that said judgment was taken and entered in the cause regularly and in due course; and without accident or mistake or error prejudicial to the rights of the petitioner.

"Defendant demurs to each and all the assignments of errors, 1 to 6, inclusive, and says: The record of the proceedings in which the judgment complained of was rendered shows on its face that petitioner was negligent in the prosecution of his defense in said cause, and that said judgment was regularly taken and entered in due course, and without error or prejudice to the rights of petitioner in said cause."

Petitioner, Jacobs, moved the court to be allowed to file additional assignments, which was allowed, which assignments were as follows:

7.  The note sued on is not the note executed by the defendant and he is not liable thereon.

8.  There is a material alteration in the note which renders it void and uncollectible.

9.  The note, in its original tenor, is barred by the statute of limitations.

Defendant demurred to these assignments on the same grounds set out in the above demurrer to assignment No. 6.

On July 14, 1934, the court sustained the demurrer as to all of the assignments except 7 and 8.

Mrs. Silverman excepted to the court's action in overruling her demurrer to assignments Nos. 7 and 8. Petitioner Jacobs did not except to the action of the court as to the other assignments.

Thereupon Mrs. Silverman filed replication to issues Nos. 7 and 8.

The case was tried by the judge and a jury. At the hearing, on March 26, 1935, petitioner's attorney stated to the court that his defense was that the cause of action was barred by the statute of limitations. Whereupon attorney for defendant, Mrs. Silverman, called the court's attention to the fact that the court had sustained the defendant's demurrer to this assignment. Petitioner's attorney expressed surprise and stated that it was his impression that the court had overruled said demurrer. Thereupon he asked leave of the

court to amend his assignments to aver that the suit was barred by the statute of limitations, to which defendant objected, which objection was sustained by the court.

Mrs. Rosa Silverman testified that she was the owner of the note and that there was a balance of $100 due on same. She introduced the note, which is as follows:

"April 5, 1923.

"$700.00

"Ninety days after date we promise to pay to the order of Max Silverman Seven Hundred and no/100 Dollars at Nashville.

"Value Received.  Louis Brandt,
"No———— Due————  L. Jacobs."

On the back of said note were the following entries:

| "Dec. 2. | Ck. | $400.00 |
| "Dec. 2. | cash | 100.00 |
| "Pd. on acct. | | $500.00 |
| "Bal. | | 200.00 |
| "Sept. 1, 1927 | | 100.00 |
| "1927 Bal. | | 100.00 |

"Max Silverman."

Other witnesses testified to the same effect.

This was all the evidence in the case.

Thereupon the court directed the jury to return a verdict in favor of the defendant, Mrs. Silverman, which was accordingly done, and upon that verdict the court entered judgment that there was no error in the judgment mentioned in the petition and affirmed the same with interest and costs. Judgment was accordingly entered in favor of Mrs. Silverman and against Jacobs for $159.30.

Motion for a new trial having been overruled, petitioner has appealed in error to this court and has assigned errors as follows:

(1) The court erred in sustaining the demurrer to the 9th assignment of error, that "the note, in its original tenor, is barred by the statute of limitations."

(2) The court erred in refusing to permit the petitioner to amend his assignments and plead the statute of limitations.

The motion to dismiss the assignments of errors and briefs because they do not comply with the rules of this court is overruled, as we think they are sufficient in form, although the brief is meager.

Under the old system, the trial of the sufficiency of the reason for applying for the writ was preliminary to the trial upon the assignments of errors, and independent of it altogether. Now, the two are blended together. Bolling v. Anderson, 1 Tenn. Ch., 127, 133.

The assignments of errors in this case in the lower court contain

the reason why the petitioner thinks himself entitled to the writ, namely, want of notice, and the grounds upon which he thinks the judgment should be reversed, namely, that the action is barred by the statute of limitations. But he was demurred out of court on all assignments except 7 and 8, to which action of the court he did not except, and to which he has not assigned errors in this court.

■ 1. Petitioner assigns as error in this court the trial judge's action in sustaining defendant in error's demurrer to his assignment setting up the statute of limitations as a defense. Defendant, Mrs. Silverman, demurred to said assignment No. 9 on the ground that it was insufficient in law in that no fact or facts were alleged on which the alleged conclusion of surprise, accident, or mistake, could be based. This assignment must be overruled because he did not except to the action of the trial court in overruling this assignment as hereinabove pointed out. A party cannot assign errors on appeal to the action of the trial court in sustaining the demurrer, where he did not except to the action of the trial court. 3 C. J., p. 903, sec. 805; Memphis Cold Storage Warehouse Co. v. Woodson, 1 Tenn. App., 340, 346; Hawkins v. Hubbell & Houser, 127 Tenn., 312, 154 S. W., 1146; Allen v. Shanks, 90 Tenn., 359, 16 S. W., 715.

■ ■ 2. It is insisted that the court erred in not permitting Jacobs to amend his assignments of errors in the lower court so as to plead the statute of limitations. Ordinarily, the matter of amendment is left to the sound discretion of the court. But in this instance the court had no power or authority to permit the amendment when he had sustained a demurrer, at a preceding term of the court, to which no exception had been made, as hereinabove pointed out. Petitioner had shown no sort of diligence. This was the second time he had been found asleep. It is the duty of a litigant to keep up with his case, and he must show diligence. Travis v. Bacherig, 7 Tenn. App., 638; Whittaker v. Tennessee Cent. Ry. Co., 3 Tenn. App., 185, 190.

The case went to trial in the lower court on assignments Nos. 7 and 8, but no evidence was introduced to support either one, and the court directed a verdict, and no complainant is made on these assignments in this court.

It results that all the assignments of errors must be overruled, and the judgment of the lower court is affirmed. A judgment for $159.30 with interest from March 26, 1935, to the present will be entered in this court in favor of Mrs. Silverman and against Jacobs and the surety on his appeal bond. The cost of the cause, including the cost of the appeal, is adjudged against Jacobs and his bondsman.

Faw, P. J., and DeWitt, J., concur.