BEDFORD COUNTY v. ROSEBOROUGH et al.—95 S. W. (2d) 61.

Middle Section. February 8, 1936.

Petition for Certiorari denied by Supreme Court, June 13, 1936.

J. D. Murphree, of Shelbyville, and Joseph Higgins, of Nashville, for plaintiffs in error.

B. D. Kingree and W. P. Cooper, both of Shelbyville, for defendant in error.

FAW, P. J. This case is before this court upon a writ of error to the circuit court of Bedford county heretofore granted upon the petition of W. M. Roseborough and Nettie Roseborough.

The suit was instituted by the county of Bedford to condemn and appropriate certain described lands of W. M. Roseborough and Nettie Roseborough in Bedford county as a part of the right of way for a state highway.

In the original petition, filed on November 5, 1930, the state of Tennessee and the commissioner of highways and public works for the state of Tennessee were ostensibly joined with Bedford county as petitioners, but after the enactment of chapter 57 of the Public Acts of 1931, Bedford county filed an amended and supplemental petition, as an adversary proceeding against the state and the commissioner of highways and public works, alleging that the effect of the aforesaid act of 1931 was to shift the burden of procuring all rights of way for state highways from the counties to the state, and to relieve the counties therefrom, and that, as a consequence thereof, the state was liable for the damages suffered by the defendants (the Roseboroughs) in this cause.

The commissioner of highways and public works, by appropriate pleadings, asserted that the use of his name, and that of the state of

Tennessee, as petitioners was unauthorized, and that the amended and supplemental petition could not be maintained because it was a suit brought with a view of reaching the state, its treasury, funds, and property, and that, under the law, no court in the state has any power, jurisdiction, or authority to entertain such a suit against either the state of Tennessee or against any officer of the state acting by authority of the state.

Prior to the filing of said amended and supplemental petition, the defendants, W. M. Roseborough and Nettie Roseborough, answered the original petition, and admitted the right of the plaintiffs therein to take and appropriate their lands for highway purposes, but they averred in their answer that "they are entitled to be justly compensated by actual and incidental damages," and they demanded the appointment of a jury of view to fix and assess the damages. Thereupon the circuit court appointed a jury of view to assess the damages to defendants, as owners of the lands appropriated by the petitioners, with directions that the jury of view file a report in writing with the clerk of the circuit court of Bedford county. Thereafter the jury of view filed a written report fixing the amount of the defendants' damages at $450, from which report and findings of the jury of view the defendants appealed to the next term of the circuit court of Bedford County, which appeal was granted and perfected.

The trial judge overruled the aforestated contentions of the state and the commissioner of highways and public works, and impaneled a jury for the assessment of the damages of defendants. The record entry on the minutes of the trial court showing the verdict and judgment is as follows:

"Came again the parties, the State Department of Highways & Public Works, and the defendant, W. M. Roseborough and Miss Nettie Roseborough, by Attorneys, and came again the same Jury selected and sworn on yesterday, and who, after hearing the balance of the evidence, the argument of Counsel, and the Charge of the Court, were retired to consider of their verdict, and after due consideration, the Jury aforesaid, returned into Court and reported their verdict in writing in response to questions submitted by the Court, as follows:

"Q. What was, at the time it was taken, the actual cash market value of the defendants' strip of ground taken on the South side Highway? A. $18.

"Q. What was, at the time it was taken, the actual cash market value of the defendants' strip of ground taken from their so called 16 acres on the North side of the Highway? A. $200.

"Q. What, in amount, at the time of the taking, was the incidental damage to the balance of defendants' land—their so-called 16 acres—caused by the taking of the strip of ground, taken on the North side of the Highway? A. $400.

"And upon the verdict aforesaid, the Court rendered judgment as follows:

"1. That the defendants, W. M. Roseborough and Miss Nettie Roseborough, are not entitled to recover judgment in this cause against Bedford County, and as to said Bedford County, their claim for damage is dismissed;

"2. That the defendants, W. M. Roseborough and Miss Nettie Roseborough, are entitled to recover against the State Department of Highways & Public Works.

"It is, therefore, considered that the said defendants, W. M. Roseborough and Miss Nettie Roseborough, recover of the State Department of Highways and Public Works, to be paid as other highway expenses are paid, the sum of Six Hundred & eighteen ($618.00) dollars, principal, together with the sum of $43.96, interest from the date of the taking of the property in question, to-wit, the 30th day of September, 1931, aggregating the total sum of $661.96, and the costs of this proceedings."

A motion for a new trial, and a motion in arrest of judgment on behalf of the state department of highways and public works were overruled, and the movant excepted and prayed an appeal in the nature of a writ of error to this court, which was granted by the court and perfected by the appellant; but the appellant filed no bill of exceptions.

The case was heard in this court, and the judgment against the state department of highways and public works was reversed and the suit against the state of Tennessee and its commissioner of highways and public works was dismissed. Thereafter a petition for certiorari filed by W. M. Roseborough and Nettie Roseborough was denied by the Supreme Court.

The opinion of this court on said appeal is published in State Department of Highways and Public Works v. Roseborough, 17 Tenn. App., 403, 68 S. W. (2d), 132, 136, to which opinion reference is here made for a more extended and detailed statement of the pleadings and proceedings in the case, and the questions there involved.

In that opinion (after stating the assignments of error of the state department of highways and public works) it was said:

"In this connection, it may be said that the question of the liability or nonliability of Bedford county is not before us, as the Roseboroughs did not except to the judgment of the circuit court and did not appeal therefrom."

Later, in the opinion, it was said:

"As before indicated, the failure of the defendants, the Roseboroughs, to appeal from that part of the judgment of the circuit court discharging Bedford county from liability would seem, in the present state of the case, to defeat a possibly meritorious claim for

compensation; but the defendants may not yet be without remedy, as the time for a writ of error has not expired. However, we make no adjudication with respect to questions which might arise upon an application for a writ of error, as such questions are not now before us.''

The assignments of error of the Roseboroughs, which accompanied their writ of error, are as follows:

1. ''It was error in the Court to rule that petitioners (defendants) were not entitled to a judgment upon the verdict of the jury against the County of Bedford for the amount of their lands and incidental damages and interest.''

2. ''It was error for the Circuit Judge to refuse to pronounce a judgment against the County as well as against the Department of Highways for the amount of the verdict reported in favor of petitioners.''

3. ''It was error for the Court to withhold judgment against Bedford County for the amount of the verdict of the jury.''

The propositions upon which plaintiffs in error rely in support of their assignments of error are further elaborated in their petition and brief, in substance, as follows:

(a) The suit was begun by the county of Bedford prior to November 5, 1930. The county of Bedford remained unquestionably liable to petitioners and cannot avoid liability or avoid judgment regardless of the question as to whether the state highway department or the state could have been held liable for the amount of the judgment.

(b) The property of petitioners was taken away from them, appropriated to public use without any compensation whatever; and a denial of the right of petitioners to recover from the county is a denial of the right to recover for property taken and damages suffered and is a deprivation of property without due process of law.

(c) The right of petitioners herein to the value of their lands and damages is apparent on the record; and this right is not dependent upon any proofs nor recitals in a bill of exceptions. This right had accrued before the passage of the Act of July 1, 1931 (chapter 57).

In our opinion on the appeal of the state department of highways and public works in this case [17 Tenn. App., 403, at page 411, 68 S. W. (2d), 132, 136], we said:

''As between the county and the landowner, the county is not relieved of liability for land taken for highway purposes prior to the Act of 1931, chapter 57, although, under that act, the liability of the state to compensate the landowner is the primary obligation;'' (citing) Baker v. Rose, 165 Tenn., 543, 549, 56 S. W. (2d), 732; Baker v. Carson, 165 Tenn., 551, 56 S. W. (2d), 734; Brown Heirs v. Cannon County, 165 Tenn., 554, 557, 56 S. W. (2d), 735.

40

In the recent case (October 12, 1935), of Marion County v. Tydings et al., 86 S. W. (2d), 565, 566, our Supreme Court said:

"It is immaterial that the county has or has not entered into a contract to co-operate with the department of highways and public works; and whether the obligation of the county be regarded as primary or secondary, as between the state and itself, as to the landowner, the county's liability is direct, and may be enforced."

It seems clear that, *on the face of the record,* the Roseboroughs were entitled to judgment against Bedford county, and that the judgment of the circuit court denying them a recovery against the county and dismissing their claim against the county was erroneous.

However, it is insisted for Bedford county that the judgment of the circuit court in its favor should not be disturbed for the following reasons:

1. "Because plaintiffs in error made no exception to the rendition of the judgment."

2. "Because there was no motion for a new trial."

3. "Because there was no bill of exceptions, and the presumption of the law is that the facts justified the court in rendering the judgment that was rendered."

4. "Because the petitioner is estopped from complaining at this time of an alleged error to which he made no objection or exception on the trial."

Taking up the propositions thus advanced by defendant in error in the order which seems to us most convenient:

It appears from the record entries hereinbefore quoted that the only questions submitted to the jury were: What was the actual cash market value of the land of the defendants appropriated by the plaintiffs, and what was the incidental damage to the balance of defendants' land caused by such taking?

The jury was not charged with the determination of any question pertaining to the liability or nonliability of Bedford county for the damages found by the jury, and evidence on that subject would not have been competent or relevant to the issues submitted to the jury; hence it cannot be assumed (as argued for defendant in error) that a bill of exceptions "would have shown a state of facts whereby no other judgment could have been rendered except one in favor of Bedford County." There is no complaint of the verdict upon the issues submitted to the jury, and the absence of a bill of exceptions is immaterial.

In Memphis St. R. Co. v. Johnson, 114 Tenn., 632, 638, 88 S. W., 169, 170, the court said:

"The reason why this court will consider errors which appear upon the face of the record proper, without a motion for a new trial,

is that they do not directly affect the correctness of the verdict, and would not be cured by setting it aside."

"A motion for a new trial is not necessary to secure the review of errors of law which appear in the record without the aid of a bill of exceptions." 14 Ency. Pl. & Pr., p. 851.

This rule is recognized in Tennessee. Mullins v. Stave & Lumber Co., 155 Tenn., 132, 135, 290 S. W., 975; Citizens' Trust Co. v. Motor Car Co., 154 Tenn., 507, 511, 297 S. W., 735; Memphis St. R. Co. v. Johnson, supra; Johnston v. Phillips, 4 Tenn. Civ. App. (4 Higgins), 662; Massachusetts Bonding Co. v. McLemore, 4 Tenn. Civ. App. (4 Higgins), 633, 641; Memphis Cold Storage Warehouse Co. v. Woodson, 1 Tenn. App., 340, 346; Lindsey v. Metropolitan Life Insurance Co., 10 Tenn. App., 293, 300.

The error of which the plaintiffs in error are complaining is, we think, apparent on the face of the record. The county of Bedford possessed the power of eminent domain for highway purposes, and it sought by its petition in the circuit court to condemn and appropriate the land of plaintiffs in error, who admitted its right to take their land and asked for a jury to assess the damages. The county at no time sought to withdraw or dismiss its petition, and it was by virtue of that petition that the judgment of condemnation was entered. It would seem to follow, as a necessary legal sequence, that the county was liable to the landowner for the value of the land taken and incidental damages. Marion County v. Tydings, supra.

The remaining question is, whether the plaintiffs in error must be denied a review of the judgment of the circuit court discharging the county from liability to them because of their failure to reserve an exception to such judgment on the record.

In 8 Ency. of Pl. & Pr., p. 287, it is said:

"As a general rule errors in a judgment or decree will not be noticed on appeal in the absence of objections and exceptions taken below. Objections of this kind should be presented to the court at the time the judgment or decree is rendered, and should be sufficiently specific to direct attention of the court to the alleged defects, and accompanied by a motion to modify or correct the judgment; and exceptions must be saved to the ruling of the court."

But immediately following the text last above quoted, and under the heading of "Exceptions to Rule," it is said:

"The rule, however, is subject to this exception, that if error in the judgment appears upon the face of the record, it will be corrected on appeal, although there was no exception."

In 3 C. J., p. 939, sec. 827, it is said:

"Unless required by statute or rule of court, a judgment, decree, or final order, based upon the verdict of a jury or upon findings and conclusions by the court on a trial or hearing without a jury, need not

be excepted to in order that it may be reviewed on appeal or error, but it is sufficient if exceptions were taken below to rulings or decisions upon which the validity of the judgment, order, or decree depends.''

In 2 Standard Ency. of Procedure, p. 247, it is said:

''The action of appellate courts is confined to errors appearing in the record and those to which exceptions have been duly taken. Except as to substantial matters appearing in the record proper, that is, the pleadings, demurrer, verdicts and judgments, objections must be made and exceptions must be taken and be made to appear by a bill of exceptions, for appellate tribunals will not entertain matters which have not been either impliedly or expressly passed upon by the lower court. All matters of record are impliedly passed upon. All else must be made to appear as objections and exceptions by a bill of exceptions.''

In the next succeeding paragraph of the text last above quoted, under the heading, ''Important Exceptions,'' it is said:

''The exceptions to the general rule fall within the doctrine of apparent error, it being well established that when error is apparent upon the record, such error will be reviewed without the necessity of objection and exception.''

Numerous cases are cited in the footnotes to the above-quoted texts from Encyclopedic authorities, and as illustrative cases we cite the following: Bennett v. Butterworth, 11 How., 669, 676, 13 L. Ed., 859, 862; State ex rel. Ziegenhein v. Thompson, 149 Mo., 441, 51 S. W., 98; Hahl v. Kellogg, 42 Tex. Civ. App., 636, 94 S. W., 389.

It results that the assignments of error are sustained and that part of the judgment of the circuit court, wherein it was adjudged and ordered that the defendants W. M. Roseborough and Miss Nettie Roseborough are not entitled to recover judgment in this case against Bedford county and as to said Bedford county their claim for damages dismissed, is reversed and set aside.

It is obvious that the trial judge approved the verdict of the jury with respect to the amount of the damages assessed; otherwise he would not have rendered judgment therefor against the state department of highways and public works. A remand of the case is therefore unnecessary. Merriman v. Coca Cola Bottling Co., 17 Tenn. App., 433, 448, 68 S. W. (2d), 149.

Judgment will therefore be entered here in favor of plaintiffs in error, W. M. Roseborough and Miss Nettie Roseborough, and against the defendant in error county of Bedford, for the sum of $618, together with interest thereon from the date of the taking of the property in question, to-wit, September 30, 1931, and for the costs of the cause, both in the circuit court and in this court, not heretofore adjudged.

Crownover and DeWitt, JJ., concur.