### SULLIVAN v. SULLIVAN.—137 S. W. (2d) 306.

Middle Section. October 28, 1939.

Petition for Certiorari denied by Supreme Court, March 2, 1940.

Jack Norman and H. T. Finley, both of Nashville, for plaintiff in error, W. Albert Sullivan.

Bass, Berry & Sims, of Nashville, for defendant in error, Eleanor Sullivan.

CROWNOVER, J. This contempt proceeding for failure to pay alimony is again before us on a petition for a rehearing, in which it is insisted:

(1) The proceedings grew out of a divorce suit and a motion for a new trial was not necessary.

(2) It is a civil contempt proceeding, if anything, and the court has no authority to commit the defendant to jail for ten days or for any other definite time.

(3) The defendant was not in contempt of court as he was not able to comply with the divorce decree requiring him to pay the amount of alimony stated in the decree.

(4) And, the judgment being void, the same should be reversed and the case remanded for another trial.

1. We think the first contention is not well made for the reason set out in our original opinion, that is, a contempt proceeding is not a part of the original proceeding, and when tried in the Circuit Court on evidence a motion for a new trial must be made and be pre-

served either in the bill of exceptions or in the minutes of the court. Kornik v. Kornik, 3 Higgins (3 Tenn. Civ. App.), 41; Frierson v. Smithson, 21 Tenn. App., 591, 113 S. W. (2d), 778; 13 C. J., 7.

2. It is insisted that this proceeding is a civil contempt proceeding, if anything, and the court has no authority to commit the defendant to jail for ten days or for any other definite time, and it is further insisted that this question may be raised on appeal without a motion for a new trial as it appears from the technical record.

After a re-examination of the authorities we think this contention is well made, and the question may be raised in this Court on the technical record. See Bedford County v. Roseborough, 20 Tenn. App., 35, 95 S. W. (2d), 61; Powell v. Barnard et al., 20 Tenn. App., 31, 95 S. W. (2d), 57.

"*Civil Contempts are Distinguished from Criminal Contempts.*— 'Contempts are of two kinds, civil and criminal. A "civil contempt" is one where a person refuses or fails to comply with an order of court in a civil case; and punishment is meted at the instance and for the benefit of a party litigant. The proceeding is in furtherance of the right of a private person which the court has determined that he, as a litigant, is entitled to. To this class of contempts belong such an act as the refusal to pay alimony, as ordered. Unless special elements of contumacy appear, such refusal is looked upon as a resistance of the opposite party, and not the court itself. If imprisonment be ordered it is remedial and coercive in character, having relation to the compelling of the doing of something by the contemnor which when done will work his discharge. As has been said, in such case the one imprisoned "carries the keys to his prison in his own pocket." ' In re Nevitt, 8 Cir., 117 F., 448, 451. "Criminal contempts," on the other hand, are punitive in character, and the proceeding is to vindicate the authority of the law and the court as an organ of society. Such contempts, while they may arise in private litigation, in a very true sense "raise an issue between the public and the accused." State v. Daugherty, 137 Tenn. (10 Thomp.), 125, 126 191 S. W., 974. See Wortham v. State, 6 Tenn. Civ. App. (Higgins), 362," 4 Michie's Digest of Tennessee Reports (2 Ed.), 481, sec. 1; Gompers v. Buck's Stove & Range Co., 221 U. S., 418, 31 S. Ct., 492, 55 L. Ed., 797, 34 L. R. A. (N. S.), 874.

The question of contempt for failure to pay alimony is elaborately discussed in an able opinion in the case of Clark v. Clark, 152 Tenn., 431, 440, 278 S. W., 65, 67, in which the Supreme Court said: "The rule is based upon the ground that the refusal is willful disobedience, and where a party is guilty of willful disobedience, or obstinacy to an order of the court or judge, the court or judge is empowered to punish for contempt and sentence him to imprisonment until the specified sum and costs are paid. State v. Dent, 29 Kan., 416; Russell v. Russell, 69 Me., 336; Strobridge v. Strobridge, 21 Hun (N. Y.),

288; Wright v. Wright, 74 Wis., 439, 43 N. W., 145; Blake v. Blake, 80 Ill., 523; Ramsay v. Ramsay, 125 Miss., 185, 87 So., 491, 14 A. L. R., 712; 1 R. C. L., sec. 103, p. 966; 24 L. R. A., 434, note." See also Gibson's Suits in Chancery (4 Ed.), sec. 922.

■ Hence we think that the trial court was in error in committing the defendant to jail for ten days. He should have sentenced him to imprisonment until the specific sum and costs were paid, if he thought he merited that punishment.[1]

■ 3. We think the third contention, that the defendant was not able to comply with the decree requiring him to pay the alimony, is not well made in this Court for the reason that the trial court has held that he is able to pay it and that it is within his power to perform the decree, and that he has willfully and deliberately violated the orders of that court. In the absence of a motion for a new trial we cannot look to the evidence to determine whether he is able to pay, as that question is not before us.

"The appellant's failure to comply with the decree directing him to pay alimony to the appellee placed him prima facie in contempt of court, and devolved on him the burden of proving his inability to make the payments directed." Ramsay v. Ramsay, supra [125 Miss. 185, 87 So. 493]; Clark v. Clark, supra.

■■ 4. We think the fourth contention cannot be sustained. It was insisted that as the judgment was void the case should be reversed and remanded for another trial. We think we can look to the technical record to see whether the court meted out the right punishment in its judgment, and if the court had no authority to pass the sentence we have a right to correct it in this Court, that is, we hold that the trial court had no authority to commit him to jail for a definite time for his failure to pay alimony, but may commit him to jail to be confined there until he does comply with the orders of the court.

"Where the trial Judge imposes an unauthorized fine upon a conviction for misdemeanor, this Court will correct the judgment and impose a proper fine without remanding the case." Johnson v. Chattanooga, 97 Tenn., 247, 36 S. W., 1092.

Hence, it results that the petition for a rehearing is granted to the extent set out in this opinion, and the cause will be remanded to the Circuit Court of Davidson County for the execution of the judgment under the direction of that court in accordance with this opinion.

Faw, P. J., and Felts, J., concur.

---

[1]Note. The punishment in this case is different from that in Bradshaw v. Bradshaw, 23 Tenn. App., 359, 365, as that was for a past offense.