INTERSTATE LIFE & ACCIDENT INS. CO. *v.* GANN.

(*Nashville,* December Term, 1953.)

Opinion filed May 21, 1954.

WALKER & WALKER, of Lebanon, for plaintiff in error.

WILLARD HAGAN, of Lebanon, for defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents a suit brought by Gann in the Circuit Court of Wilson County, against the Interstate Life & Accident Insurance Company, for benefits under a policy of insurance, for loss of an eye. The case was heard in the Trial Court before the Trial Judge without the intervention of a jury, on a stipulation of facts, as a result of which the Trial Judge entered judgment for the plaintiff, and the Insurance Company has perfected this appeal.

It is stipulated: That in an accident and solely through external, violent and accidental means, on November 15, 1951, plaintiff sustained an injury which resulted in the amputation of one of plaintiff's legs, and the complete loss of vision of one eye; that at the date of the injury the policy of insurance here involved, was in full force and effect; and that plaintiff complied with all requirements of the policy as to notice and proof of claim to the Insurance Company; that the Insurance Company paid the plaintiff the sum of $250 for the loss of his leg, but refused his claim for an additional $250 for the loss of his eye.

The maximum sum payable on the policy for accidental benefits, was $500, and the pertinent provision of the policy which is the crux of the present controversy, is as follows:

For the Loss of Life * * * An amount equal to the sum insured.

"For the loss of both arms or limbs or sight of both eyes * * * An amount equal to the sum insured, and endorse this Policy as fully paid up for life for the death benefit only.

"For the Loss of One Arm or Limb or the sight

of One Eye. * * * An amount equal to one-half of the sum insured, and endorse this Policy as fully paid up for life for the death benefit only."

The construction placed upon the foregoing provision by the Insurance Company is that it admits that it is liable for $500, the maximum sum, for the loss of both arms, or limbs, or sight of both eyes, but it insists that "for the loss of one arm or limb, or sight of one eye," it is liable only for one-half the principal sum or $250.

Such construction ignores the well-settled rule that since the policy was drawn by the Insurance Company, all doubts will be resolved in favor of the insured. *Universal Life Ins. Co.* v. *Lillard,* 190 Tenn. 111, 228 S. W. (2d) 79; *Eidson* v. *Hardware Mutual Casualty Co.,* 191 Tenn. 430, 234 S. W. (2d) 836; *Hahn* v. *Home Life Ins. Co.,* 169 Tenn. 232, 84 S. W. (2d) 361.

As is clear from the foregoing quotation from the policy, no express language is used to limit the liability of the insurer for loss of two members to such members only as were specified in the policy, namely, the loss of both arms or limbs, or sight of both eyes. By the clear terms of the policy the Insurance Company agrees to pay the sum of $250 for the loss of one leg (limb) and the insurer just as clearly agrees to pay the sum of $250 for the loss of sight of one eye. There is no express language in this clause that confines the liability of the Company to one payment only under it. It is insisted for the Insurance. Company that that meaning is effected by the use of the word "or." To give to the word "or" such a restricted and exclusive meaning would be to construe an ambiguity in the policy, strictly for the Insurance Company and against the claimant. The contrary is the well-established rule of law in Tennessee, as is evident from the foregoing authorities.

In Fowler's Modern English Usage, p. 409 (and if there ever was a man who used the English language with an anxiety of precision, it was the late H. W. Fowler), a number of examples are collected where the word "or" is commonly used with the meaning of "and." One example will suffice. In the commonly accepted phrase, "without falsehood or deceit," Fowler states that the implication is that neither falsehood nor deceit is present. As a particle, *"or"* is often construed *"and"*, and *"and"* construed *"or"*. 2 Bouvier's Law Dict., Rawles 3rd Rev. 2422, citing many cases. The word "or" has been held as synonymous with "and" by the Court in a number of cases. *Ransom* v. *Rutherford Co.,* 123 Tenn. 1, 130 S. W. 1057; *Bird* v. *State,* 131 Tenn. 518, 175 S. W. 554. Compare *Smith* v. *Haire,* 133 Tenn. 343, 181 S. W. 161.

Since, therefore, under the foregoing authorities, we may construe the "or" to mean "and," and since by that construction we would resolve the ambiguity in favor of the claimant, it is our duty to do so.

The judgment is affirmed at the cost of plaintiff-in-error.

NOTE: The opinion in this case was prepared by GAILOR, Justice, and was unanimously approved in conference prior to his death.