# WIILLIAM R. PHILLIPS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. May 22, 1969.

Certiorari Denied by Supreme Court July 22, 1969.

Joe P. Binkley, Nashville, for plaintiff in error.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Will Terry Abernathy, Dist. Atty. Gen., Covington, for defendant in error.

## OPINION

GALBREATH, Judge.

Plaintiff in error, William R. Phillips, appeals from the verdict of a jury and the judgment of the Circuit Court of Tipton County of an attempt to commit the felony of burglary and the resulting one (1) to five (5) year sentence.

The particular crime involved was an attempt to break into the coin receptacle of a public telephone located in a booth outside Dorsey Robbin's Motel on Highway 50 in Covington.

The only assignment of error addresses itself to the verdict which the defendant contends was so unintelligible as to render it invalid.

As originally reported by the foreman of the jury, the verdict was somewhat confusing. As read to the court the verdict was, "Guilty of an attempt to commit burglary or larceny; sentence, one to five years in the penitentiary."

The trial court by judicious inquiry corrected the confusion: "Gentlemen, if I understand your verdict, you find the defendant guilty of attempt to commit burglary, and you sentence him to a maximum of five years in the State Penitentiary." To which the foreman agreed by responding, "One to five," and by nodding his head affirmatively.

The trial judge then passed formal judgment on the defendant who was asked to stand:

"William R. Phillips, on the jury's finding of guilty of attempt to commit burglary, the Court sentences you to a minimum of one year and a maximum of five years in the State Penitentiary."

We find nothing unintelligible about the verdict and certainly the judgment as pronounced by the court is clearly based on the verdict which sustains it.

■ The technical record recites the verdict as read by the foreman rather than the corrected verdict as elicited by the judge as set out in the Bill of Exceptions. It is well settled law in this state that the recital in the Bill of Exceptions concerning the verdict is controlling over a contrary Minute entry. Helton v. State, 195 Tenn. 36, 255 S.W.2d 694.

■ ■ Actually, it makes little difference how garbled the verdict is so long as the trial judge makes sure he understands the meaning of the jury before entering the judgment which must be based and rendered upon the verdict. This was clearly done in this case. That the verdict may have been unintelligible in its original form does not affect the validity of a sound judgment based upon the correct meaning of the verdict as explained by the foreman in response to corrective inquiry by the judge. It is not the verdict, but the judgment that must withstand the ultimate test of intelligibility. "A verdict as such, is not appealable; only a judgment rendered on the verdict is appealable." 4 Am.Jur.2d (Appeal & Error, § 77).

■ The verdict, even if not corrected, would not have been disjunctive because larceny is included in the offense of burglary. In order to resolve ambiguity, under proper circumstances, it has been held "that the disjunctive 'or' may, in some cases, be properly interpreted to mean the conjunctive 'and.' Interstate Life & Accident Ins. Co. v. Gann, 196 Tenn. 422, 268 S.W.2d 336, 44 A.L.R.2d 1230 (1954) and cases cited therein." Baldwin v. State, 213 Tenn. 49, 372 S.W.2d 188.

But by his commendable actions the trial judge removed any ambiguity as to what the jury meant and correctly pronounced judgment in accordance with their findings. That judgment is affirmed.

WALKER, J., concurs in result.

OLIVER, Judge (dissenting).

The indictment in this case charged the defendant with entering a pay-telephone booth "with the intent to commit the felony of larceny," and that after doing so he committed third degree burglary by breaking the coin receptacle, "all in Violation of Section 39-904 and 39-902 of Tennessee Code annotated."

Thus, this indictment charged both an attempt to commit larceny and third degree burglary in the same count, presumably in reliance upon Fox v. State, 214 Tenn. 694, 383 S.W.2d 25, in which our Supreme Court held that if one lawfully enters a public pay-telephone booth and therein breaks into and burglarizes the coin receptacle he is guilty of third degree burglary. However, *Fox* does not help to resolve the presiding question presented by this record.

The insurmountable difficulty in this case is that the verdict of the jury is in the alternative or disjunctive, in that the jury reported that they found the defendant guilty "of attempt to commit burglary *or* larceny." And the jury did not change that verdict. Although the court undertook to change the jury's verdict by stating that as he understood it, the jury found the defendant guilty of "attempt to commit burglary, and you sentence him to a maximum of five years in the State Penitentiary," the jury foreman only replied, "One to five." The court thereupon pronounced sentence:

> "WILLIAM R. PHILLIPS, on the Jury's finding of guilty of attempt to commit burglary, the Court sentences you to a minimum of one year and a maximum of five years in the State Penitentitary."

The court was without any authority to undertake to change the jury's verdict in that manner, and what the court said could not and did not have that effect.

The trial court should have sent the jury back to the jury room with directions to amend their verdict and put it in proper form. State ex rel. Myers v. Brown, 209 Tenn. 141, 351 S.W.2d 385; Riley v. State, 189 Tenn. 697, 227 S.W.2d 32; George v. Belk, 101 Tenn. 625, 49 S.W. 748. What the Court said in George v. Belk is quoted approvingly and reaffirmed in Riley v. State and State ex rel. Myers v. Brown, supra:

> " 'The Court has the power, and it is his duty, when a jury offers to return an informal or insufficient verdict, to send them back to the jury room with directions to amend it and put it in proper form. And the jury may, at any time before their discharge,

amend their verdict, under direction of the Court, so as to conform to the law.' "

Clearly, the court should have followed that procedure, and if that course had been adopted the situation presented by this record, in which the trial judge improperly undertook to amend the jury's verdict instead of directing the jury to do so, would have been avoided.

Moreover, the judgment entered on the Minutes of the court recites the same thing; that is, that the jury found the defendant guilty "of an attempt to commit burglary *or* larceny," and the court sentenced the defendant "for his said crime."

So, it clearly appears that the verdict of the jury was in the disjunctive or alternative, finding the defendant guilty of one or the other of two separate offenses, viz.: "attempt to commit larceny" or "attempt to commit burglary." Which of these crimes was the defendant convicted of? It was not for the trial court to determine and say; this was the jury's responsibility and duty and prerogative, under proper instructions.

In Baldwin v. State, 213 Tenn. 49, 372 S.W.2d 188, our Supreme Court held that where two or more offenses are charged in the same indictment, the verdict must be worded so as to indicate of which offense the defendant is guilty, and that a verdict in the alternative or disjunctive, as here, is invalid; and, moreover that Interstate Life & Accident Ins. Co. v. Gann, 196 Tenn. 422, 268 S.W.2d 336, 44 A.L.R.2d 1230 could not be applied to cure the error.

It is fully recognized, of course, that as a general rule an appellate court reviews only questions presented for

determination in the trial court. Lawler v. McCanless, 220 Tenn. 342, 417 S.W.2d 548; and that errors to which no objections were made and exceptions taken in the trial court cannot be raised for the first time on appeal. Troxell v. State, 179 Tenn. 384, 166 S.W.2d 777; Webb v. State, 173 Tenn. 518, 121 S.W.2d 550; Blackwood v. State, 204 Tenn. 682, 325 S.W.2d 262.

However, it has also long been the settled law of this State that the appellate court may and should, on its own motion, correct manifest errors which invalidate the judgment of the trial court. First National Bank of Elgin, Ill. v. Russell, 124 Tenn. 618, 139 S.W. 734; Bryan v. Norfolk & Western Ry. Co., 119 Tenn. 349, 104 S.W. 523; Medic Ambulance Service, Inc. v. Mc-Adams, 216 Tenn. 304, 392 S.W.2d 103; Carter v. Jett, 51 Tenn.App. 560, 370 S.W.2d 576; Bedford County v. Roseborough, 20 Tenn.App. 35, 95 S.W.2d 61. In Baldwin v. State, 213 Tenn. 49, 372 S.W.2d 188, an opinion written by our present Chief Justice, the Court said:

> "The form of the verdict was not objected to at the trial nor was it assigned as error on this appeal. However, we think that the nature of the error brings this case within the decision of First National Bank of Elgin, Ill. v. Russell, 124 Tenn. 618, 139 S.W. 734 (1911), where this Court said:
>
>> 'It is well settled, however, under our practice, that when necessary to meet the ends of justice, this court has the right to notice, and will notice, errors of the lower court, and, *when the error is very plain,* will correct it of its own motion.' (Emphasis ours.)"

For these reasons, I am unable to agree with the majority opinion and must respectfully dissent in this case.