STATE of Tennessee, Petitioner,

v.

Harry THORNTON, Respondent.

Supreme Court of Tennessee.

April 2, 1973.

David M. Pack, Atty. Gen., State of Tennessee, C. Hayes Cooney, Asst. Atty. Gen., Nashville, for petitioner.

Jerry H. Summers, Chattanooga, for respondent.

OPINION

JOHN W. WILSON, Special Judge.

This matter is before the Court upon a writ of certiorari and supersedeas issued on December 15, 1972, by Mr. Justice Chattin, after a hearing before him upon proper notice to counsel for respondent. The order granting the writ vacated an order of Judge Charles Galbreath of the Court of Criminal Appeals and set the same for hearing before this Court on January 11, 1973, at Knoxville. The petition for certiorari and supersedeas filed in this Court challenged the validity of the order of Judge Galbreath of the Court of Criminal Appeals upon several grounds.

The challenged order of Judge Galbreath is quoted as follows:

"Application having been made to me in Chambers by Writ of Certiorari and Supersedas and there appearing there is a justiciable issue, the Clerk is hereby ORDERED to docket this cause for hearing on the 2nd Monday of January, 1973, in Nashville, Tennessee.

Pending the disposition of this cause, petitioner shall be admitted to bail on his own recognizance.

ENTER, this the 5th day of December, 1972."

The factual background is that the respondent, Harry Thornton, was subpoenaed to testify before the Hamilton County Grand Jury, and appeared before that body on November 28, 1972; at which time a taped interview of the program which had been earlier carried out by the respondent on a Chattanooga, Tennessee television station was played to that Grand Jury and, when asked the name of the person making the call involved, he (respondent) refused to name the caller. The subject of this call was an alleged whitewash or poor investigation of a matter involving a local judge.

On November 28, 1972, the respondent was brought before Judge Tillman Grant of the Criminal Court of Hamilton County, Tennessee, and ordered to reveal the name of the caller to the Grand Jury, and he again refused, basing his refusal upon his constitutional rights under the First Amendment to the United States Constitution, and the Tennessee Constitution. Upon this refusal, the trial court ordered the respondent to appear on December 5, 1972, to show cause why he should not be held in contempt of court.

On December 5, 1972, the respondent appeared with counsel and again refused to reveal the name of the caller and the trial court found respondent in contempt and sentenced him to jail until he complied.

Thereafter, on the same date and within a very short period of time thereafter, the respondent, without giving notice to the District Attorney General of Hamilton County, Tennessee, who represented the State at the hearing before Judge Grant, filed a petition for writs of certiorari and supersedeas ex parte before Judge Charles Galbreath of the Tennessee Court of Criminal Appeals at his chambers in Nashville, Tennessee, and Judge Galbreath issued an order which only docketed the case for hearing before that Court on January 2, 1973, and, without granting either writ, ordered the respondent admitted to bail on his own recognizance.

The order issued by Judge Galbreath was immediately transferred back to the trial court by counsel for defendant and respondent was released from confinement in the Hamilton County Jail. There was no adversary hearing or notice thereof given of the hearing before Judge Galbreath, which is admitted by the attorney for defendant in reply brief filed to the petition for certiorari and supersedeas in this Court. The reasons for not giving notice, as stated in the reply, are absolutely without merit.

The State of Tennessee in the petition for certiorari and supersedeas filed in this Court states in the assignment of error as follows:

"The one assignment of error on behalf of the petitioner is that the Judge of the Court of Criminal Appeals herein involved exceeded his jurisdiction by entering the order herein involved in that (1) said order, although not granting the writs of certiorari and supersedeas prayed for, ordered the case placed on the docket of that Court at its next session in Nashville, Tennessee, and admitted the respondent to bail on his own recognizance; (2) that said judge exceeded his authority herein in admitting the respondent to bail since, under T.C.A. Sec. 40–1204, only the Court of Criminal Appeals could admit him to bail, and (3) that said judge would, in any event, have had no jurisdiction to grant the writs of certiorari and supersedeas to review the order herein involved, the same being a final order."

In oral argument before this Court on January 11, 1973, the parties, through counsel, took the position that the conduct of respondent was criminal contempt. Subsequent to the hearing on January 11,

1973, the Attorney General filed a supplemental brief calling our attention to Shillitani v. United States, 86 S.C. 1531, 384 U. S. 364, 16 L.Ed.2d 622 (1966), in which case the facts were very similar to the instant case, and ruled to be civil contempt. It is also noted in the case of Higgins v. Lewis, et ux., 23 Tenn.App. 648, 137 S.W. 2d 308 (1939), the Court points out the distinction between criminal and civil contempt observed in our Code. See, also, Sullivan v. Sullivan, 23 Tenn.App. 644, 137 S.W.2d 306 (1939), wherein, distinguishing between criminal and civil contempt, the Court in the course of its opinion used the language that one imprisoned carries the keys to the prison in his own pocket, which was, in substance, the same language used by the Court in *Shillitani,* supra.

The contention made by the Attorney General in the supplemental brief isn't without merit, but in view of the opinion we have of the matter it will not be necessary to rule on the question of whether the respondent was guilty of civil or criminal contempt.

On January 8, 1973, the respondent filed a motion to dismiss the writ of certiorari and supersedeas granted as to the order of Judge Galbreath on the ground the matter had become moot. The written motion recited that on December 13, 1972, the respondent filed a motion to set bond in the trial court, while the matter was pending hearing on the application for writ of certiorari before Mr. Justice Chattin on December 15, 1972; and that upon being advised by the Clerk of the Supreme Court of Mr. Justice Chattin granting the writ of certiorari and supersedeas as to Judge Galbreath's order, the respondent had posted an appearance bond in the sum of $1,000.00 pending respondent's appeal to the Court of Criminal Appeals, and that the record and bill of exceptions had been filed.

When the matter came up to be heard on argument before the Court on January 11, 1973, the respondent, through counsel, orally made a motion to dismiss on account of the matters in the controversy having become moot for the reasons stated in the written motion filed.

This motion was denied.

In the case of McCanless, Com'r. v. Klein, 182 Tenn. 631, at page 637, 188 S. W.2d 745, at page 747 (1945), the Court stated this:

"[1] So, 1 C.J.S., Actions, § 17, pp. 1017, 1018, states the rule to be that a case may become moot where by a court decision, acts of parties, or other causes occurring after the commencement of the action the case has lost its controversial character, 'unless it is one of great public importance, as where it involves a determination of public rights or interests under conditions which may be repeated at any time.' Matter of Cuddeback, 3 App.Div. 103, 39 N.Y.S. 388, 389, is cited as another case illustrating the exception, where the question was of such importance that the court felt it proper to decide it, 'though it has ceased to be of practical interest to the parties.'"

The ruling of the trial court, on December 5, 1972, was a final order. The respondent could have, as he finally did, prayed an appeal to the proper appellate court and, upon execution of an appearance bond, been released pending the appeal. Judge Galbreath had no jurisdiction whatever to order the release of the respondent, whether on bail or his own recognizance.

When the petition for certiorari and supersedeas was presented to Judge Galbreath on December 5, 1972, he did not grant the certiorari and supersedeas (and if he had, he would have been without authority. As stated above, the judgment of the trial court was final and the remedy of the respondent was by appeal) but his actions in the premises, in effect, removed the case to the Court of Criminal Appeals, released the defendant from custody, and set the cause for hearing on January 8, 1973, upon his finding of a justiciable is-

sue, and, in so doing, he was acting without jurisdiction and illegally.

We hold that the order of Judge Galbreath, made on December 5, 1972, is void.

The costs will be paid by the respondent.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.